**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RONALD McGRUDER, # B-84769** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-1416-SMY** |
| | ) | |
| **JUAN B. McCOY, DAVE CLARK,** | ) | |
| **PHILIP DELANEY,** | ) | |
| **and BENJAMIN HENNING,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that following his arrest, Defendants improperly confiscated his cash and subjected the funds to forfeiture even though the money consisted of insurance proceeds and had no connection to any criminal activity. Plaintiff is serving concurrent six-year sentences on four felony convictions. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective

standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards to the Complaint, the Court concludes that it fails to state a claim upon which relief may be granted.

## The Complaint

On May 2, 2013, Defendant McCoy (a Washington Park police detective) arrested Plaintiff pursuant to an arrest warrant previously issued on charges of aggravated battery/great bodily harm, home invasion, unlawful restraint and unlawful possession of a controlled substance (Doc. 1, p. 5). Defendant McCoy found Plaintiff in the home of Shirley Snipes. Just

before Defendant McCoy's arrival, Plaintiff had gone into a diabetic coma. He awoke to see police officers and an EMT standing over him. Before he blacked out, Plaintiff had placed $2,270.00 in cash into his pants leg. The officers found the cash and confiscated it.

On May 4, 2013, Defendant McCoy interviewed Plaintiff regarding the pending charges and told Plaintiff that he would not see his money any more because cocaine was found in the house where Plaintiff had been arrested. Plaintiff responded that the money did not come from any drug transaction, but was a payment from a State Farm auto insurance policy (Doc. 1, p. 6).

Defendant McCoy initiated a motion to forfeit Plaintiff's cash -- an action which Plaintiff claims was a violation of his rights to due process and equal protection. Plaintiff includes Defendant McCoy's supervisor, Washington Park Police Chief Dave Clark, as another Defendant in his claim for the wrongful taking of his funds.

While Plaintiff was in custody at the St. Clair County Jail, Defendant Delaney (investigator from the State's Attorney's office) told Plaintiff that if he wanted to claim the confiscated cash, Plaintiff must write an affidavit and forward it to him. Among Plaintiff's exhibits is a May 10, 2013 order in Case No. 13-MR-104 in the Circuit Court of St. Clair County, finding probable cause that the cash may be subject to forfeiture (Doc. 2, p. 6).[1] Also on May 10, 2013, Defendant Henning (Assistant State's Attorney) sent Plaintiff a letter notifying him of the pending forfeiture, directing him to contact Defendant Delaney with any questions and included a Notice of Pending Forfeiture with instructions on how to submit a claim for return of the property (Doc. 2, pp. 4-5, 8). Plaintiff was instructed to submit his claim within 45 days.

On June 3, 2013, Plaintiff signed two affidavits and gave them to Defendant Delaney (Doc. 1, pp. 6-7; Doc. 2, pp. 11-12). The first notarized statement set out Plaintiff's claim to the

[1] Plaintiff's exhibits to the complaint were mistakenly filed in this Court's docket as exhibits to Plaintiff's motion for leave to proceed in forma pauperis (IFP), and can be found at Doc. 2, pp. 3-8 and 11-13.

money. Plaintiff avers that he was a guest in the home where he was arrested, that the cash represented the proceeds from a State Farm insurance settlement from a 2012 car accident and that the money was not used to buy or trade for any controlled substance (Doc. 2, p. 11; see also Doc. 1, p. 7). He included the name of the insurance adjuster and the address where he had received the check in the mail. On the same date, Plaintiff submitted an affidavit of indigency in lieu of posting a bond to contest the forfeiture (Doc. 2, p. 12).

In a third affidavit dated July 15, 2013, Plaintiff states that after speaking by telephone to Defendant Delaney, he submitted the two June 3, 2013 affidavits by mail to Defendant Henning on June 5, 2013 (Doc. 2, p. 13). Since then, he had not received any response. He included copies of the June 3, 2013 affidavits along with the July 15, 2013 affidavit. Plaintiff does not say to whom he mailed the July 15th affidavit, but it appears that he prepared it in response to the Declaration of Forfeiture issued by St. Clair County State's Attorney Brendan Kelly on July 8, 2013 (Doc. 2, p. 7). This Declaration recites that notice was given to Plaintiff of the impending forfeiture of his cash, but no verified claim was submitted by him within the 45-day deadline.

In his Complaint, Plaintiff states that he has been deemed to be mentally ill by the St. Clair County Circuit Court and that Defendants were aware of Plaintiff's mental illness (Doc. 1, p. 7). Plaintiff asserts that he took the proper steps to file his verified claim to his cash as instructed by Defendant Delaney, but his money was still taken away. He seeks the return of his funds as well as punitive damages against all Defendants (Doc. 1, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

After fully considering the allegations in Plaintiff's Complaint in light of the applicable law, the Court concludes that this action is subject to summary dismissal for failure to state a federal constitutional claim upon which relief may be granted. The statutory process for non-

judicial forfeiture of property connected to drug trafficking is found at 725 Illinois Compiled Statutes 150/6.  Plaintiff's funds were subjected to forfeiture under this provision.  Based on Plaintiff's description, Defendants followed the required steps to give him notice, and indeed Plaintiff was informed of the pending forfeiture action.  *See* 725 Ill. Comp. Stat. 150/6(A) & (B).

Construing the factual allegations in Plaintiff's favor, the Court will assume that Plaintiff timely submitted his affidavits to Defendant Delaney and/or Defendant Harding.  Taking that proposition as true, it appears that Plaintiff complied with the statutory requirements to assert his claim to the seized funds within the 45-day deadline.  *See* 725 Ill. Comp. Stat. 150/6(C)(1) & (2).  When a verified claim is received for confiscated property, the State's Attorney is required to institute judicial forfeiture proceedings so that the contested matter may be resolved in court. 725 Ill. Comp. Stat. 150/6(C)(2); 725 Ill. Comp. Stat. 150/9;[2] 725 Ill. Comp. Stat. 150/14. In Plaintiff's case, no judicial proceeding was begun, so Plaintiff never got his "day in court" with respect to his claim to the seized cash.  This omission suggests that Defendant Delaney and/or Defendant Harding either failed to act after receiving Plaintiff's affidavits or that they never received the documents.

Either way, Plaintiff should have sought relief in the Circuit Court of St. Clair County which issued the probable cause order authorizing the non-judicial forfeiture process to begin under Case No. 13-MR-104 (Doc. 2, p. 6).  By filing a motion to vacate the forfeiture in the state Circuit Court, Plaintiff could have presented his case and argued for the return of his money. *See, e.g., In re Forfeiture of $2,354.00 United States Currency*, 760 N.E.2d 565 (Ill. App. 2001)

---

[2] This section provides that within 45 days of the filing of a claim and cost bond (or affidavit of indigency), "the State's Attorney shall institute judicial forfeiture proceedings by filing a verified complaint for forfeiture . . . ."  725 Ill. Comp. Stat. 150/9(A).

(affirming decision of trial court to vacate non-judicial forfeiture when notice was inadequate); 725 ILL. COMP. STAT. 150/9.

The Seventh Circuit, in an unpublished case, observed that Illinois law provides an adequate post-deprivation remedy (a motion to vacate the forfeiture followed by judicial review) for an owner to seek the return of property that has been taken pursuant to the non-judicial forfeiture procedure. *Robinson v. Winslow*, 88 F. App'x 93, 94-96 (7th Cir. 2004). The *Robinson* court concluded that an assistant state's attorney's failure to provide proper notice of the pending forfeiture was a random and unauthorized act, contrary to state law. *Robinson*, 88 F. App'x at 95 (citing *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) (actions that are contrary to the laws of Illinois are random and unauthorized); *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (conduct in violation of state procedures is unpredictable and therefore random and unauthorized)). The same can be said in Plaintiff's case regarding the failure of Defendants Delaney and Henning to ensure that a judicial forfeiture complaint was filed after Plaintiff submitted his claim in accordance with their instructions.

Even where property is forfeited as a result of a state actor's random and unauthorized conduct, the property owner cannot maintain a federal due process claim if state law provides a post-deprivation procedure where the owner may contest the forfeiture. *Robinson*, 88 F. App'x at 95; *see also Mirto v. Devine*, Case No. 06-3296, 2007 WL 2893651, at *1 (C.D. Ill. Sept. 28, 2007) (due process claim over destruction of confiscated property dismissed pursuant to § 1915A, where prisoner-plaintiff had adequate state court remedy). To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages

remedy in state claims court is an adequate, post-deprivation remedy); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

In Plaintiff's case, as in *Robinson*, a motion to vacate the forfeiture, filed in state court, would have given him an opportunity to present his case and argue for the return of his property. The availability of this procedure in state court satisfies due process requirements. Thus, Plaintiff cannot maintain a claim in this Court for the deprivation of his money without due process.

For the foregoing reasons, this civil rights action shall be dismissed with prejudice, for failure to state a federal constitutional claim upon which relief may be granted. This dismissal, however, shall not prevent Plaintiff from bringing suit or filing a motion to vacate in state court to seek the return of his funds, if such an avenue is still open to him. This Court makes no comment on the merits or timeliness of any state court action.

### Pending Motion

The motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT**.

### Disposition

For the reasons stated above, this civil rights action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This dismissal shall not affect Plaintiff's ability to bring his claim in state court.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ STACI M. YANDLE
United States District Judge